UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

TUNDE A. ADEYI,

O R D E R

Plaintiff,

06 CV 3842 (ARR)

- against -

<u>NOT FOR ELECTRONIC</u>
<u>OR PRINT PUBLICATION</u>

UNITED STATES OF AMERICA,

Defendant.

--------------------------------------------------------X

ROSS, United States District Judge:

By letter motion filed May 15, 2006, Tunde Adeyi, defendant in a prior criminal

proceeding, <u>United States v. Adeyi</u>, 01-cr-351(ARR), seeks, presumably pursuant Rule 41(g),

Fed. R. Crim. P., the return of personal property, including ATM cards, credit cards, and hearing

aid cleaning equipment, which he alleges were seized from him by government agents upon his

arrest at JFK International Airport for heroin importation on March 12, 2001. Since his return of

property motion is brought post-trial and post-conviction, the court, pursuant to <u>Rufu v. United</u>

<u>States</u>, 20 F.3d 63, 65 (2d Cir. 1994), directed the Office of the Clerk of Court to treat the motion

as a civil complaint for equitable relief, and a new civil file was opened under docket number 06-

cv-3842(ARR)(LB). Thereafter, by order dated August 28, 2003, the court directed the

government to respond to the application. Also by letter dated August 28, 2006, Assistant United

States Attorney Katya Jestin related that she had been advised by the "United States Immigration

and Customs Enforcement Service ('ICE') that the defendant's baggage was destroyed on

November 17, 2004" when Mr. Adeyi failed to submit, within the required one year period, the

1

paperwork necessary to secure the release of his baggage.

Because the court must take evidence and make factual findings to identify any items still in the possession of the government, id., the government is directed to establish by further submissions, in appropriate evidentiary form, precisely what action ICE Agents took with respect to Mr. Adeyi's property. As presentation of such evidence will initiate a motion for summary judgment pursuant to Rule 56, Fed. R. Civ. P., the government is also directed to provide Mr. Adeyi, a pro se litigant, the notice required by Local Civil Rule 12.1. Should it be established as a matter of law that none of Mr. Adeyi's property remains in the possession of the government and that his claim for property does not fall within any of the exceptions set forth in 28 U.S.C. § 2680 of the Federal Tort Claims Act, any application by Mr. Adeyi for monetary damages would be barred by sovereign immunity. Adeleke v. United States, 355 F. 3d144, 147 (2d Cir. 2004) ("[F]ederal equitable jurisdiction to order the return of property pursuant to Rule 41(g) ... does not permit courts to order the United States to pay money damages when, for whatever reason, property is not available for Rule 41(g) return.")

The government's motion papers, including its evidentiary showing and Rule 12.1 Notice, must be served and filed, with courtesy copies to chambers, by September 8, 2006. Mr. Adeyi's answering papers, together with any additional evidentiary materials, must be served and filed by September 22, 2006.

SO ORDERED.

Dated: Brooklyn, New York
August 28, 2006

Allyne R. Ross
United States District Judge

<u>Mailing List</u>

Tunde A. Adeyi
# 55329-053
FCI Ray Brook
P.O. Box 9004 Del-A
Ray Brook, NY 12977


Katya Jestin, Esq.
Assistant U.S. Attorney
One Pierrepont Plaza
14th Floor
Brooklyn, NY 11201