UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

TUNDE A. ADEYI,

                                Plaintiff,

-against-

UNITED STATES OF AMERICA, et al.,

                                Defendants.

---------------------------------------------------------------x

06-CV-3842 (ARR)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

ORDER

ROSS, United States District Judge:

*Pro se* plaintiff Tunde A. Adeyi commenced the instant action in May 2006 with the filing of a motion for return of seized property. (Dkt. Entry 1.) Presently pending before the court is defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56. For the following reasons, the court directs the government to further brief the issue of the Title 19 exception to plaintiff's potential claim under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983(e).

## BACKGROUND

A. Arrest and Conviction

On March 12, 2001, plaintiff was arrested at J.F.K. Airport after screening of his luggage revealed that he had transported more than 30 kilograms of heroin from Nigeria. On October 17, 2001, following a jury trial, plaintiff was convicted of importing and possessing with intent to distribute heroin in violation of 21 U.S.C. § 952 and 841. On March 18, 2005, the court

1

sentenced plaintiff to a term of 156 months of imprisonment, followed by five years of supervised release. See United States v. Adeyi, No. 01-CR-351 (ARR) (E.D.N.Y. Mar. 18, 2005) (Dkt. No. 101). Plaintiff's conviction was subsequently affirmed on appeal. See United States v. Adeyi, 165 Fed. Appx. 944 (2d Cir. 2006), cert.denied, 127 S. Ct. 194 (2006). On January 22, 2007, I denied plaintiff's motion for relief pursuant to 28 U.S.C. § 2255. See United States v. Adeyi, No. 06-CV-1454 (ARR) (E.D.N.Y. Jan. 22, 1007) (Dkt. No. 16).

B. Seizure and Destruction of Plaintiff's Property

Plaintiff alleges that upon his arrest at J.F.K. Airport on March 12, 2001, government agents seized personal property from him found in a green suitcase and two wallets, including: plaintiff's hearing aid and hearing-aid cleaning equipment, jewelry (eight rings, two bracelets, three neck chains), VHS tapes, photographs, and audiotapes from plaintiff's wedding ceremony, two address books, various pieces of clothing and shoes, birth certificates from his two children in Nigeria, and other important documents (including land documents relating to land inherited from plaintiff's father, and his license to drive a taxicab). (Pl.'s Rule 56.1 Statement ¶ 10.) At the time of the seizure, plaintiff filled out a Customs declaration listing his address as 1706 Nelson Avenue, #2D, Bronx, New York. (Govt.'s Rule 56.1 Statement ¶ 2; Pl.'s Rule 56.1 Statement ¶ 1.) Plaintiff, however, asserts that his new home address, 3230 Cruger Avenue, #6K, Bronx, New York "was stated verbally for immigration records" purposes. (Pl.'s Rule 56.1 Statement ¶ 1.) Customs prepared an inventory of plaintiff's personal property, listing items seized from him and indicating that that they were contained in a green "Echolac" suitcase. (Govt. Ex. D.) Plaintiff acknowledges that his hearing aids were returned to him in prison. (Pl.'s Rule 56.1 Statement ¶ 11; Adeyi Dep. at 44-46.) Plaintiff also acknowledges that $88.00 was

sent to him at the Metropolitan Detention Center in Brooklyn. (Pl.'s Rule 56.1 Statement ¶ 12; Adeyi Dep. at 62.)

On November 11, 2004, United States Customs and Border Protection ("CBP") sent a Final Administrative Action letter to the 1706 Nelson Avenue address. (Mulry Decl., Ex. E (Final Administrative Action Letter).) The letter stated that the items seized from him on March 12, 2001 would be summarily forfeited to the government "as provided for in 19 USC 1607, 1608, and 1609," unless a claim was filed by December 1, 2004. (Mulry Decl., Ex. E.) The letter also cited violations of 21 U.S.C. § 952, 18 U.S.C. § 545, and 19 C.F.R. § 162.45. A copy of the letter was not sent to the 3230 Cruger Avenue address, or the location of plaintiff's incarceration at the time.

According to Kenneth Schubert, a named defendant and the CBP paralegal specialist who signed the Final Administrative Action Letter, a draft letter was ordinarily prepared by a CBP paralegal or technician for review and signature. (Decl. of Kenneth Schubert ("Schubert Decl."), ¶ 3.) Mr. Schubert would then review the Fines, Penalties and Forfeiture ("FPF") file to determine that the draft letter contained the correct information and would verify that the draft letter contained the address matching the address provided in the incident report for the seizure. (Schubert Decl. ¶ 3.) In the event that Mr. Schubert was aware that a claimant was in prison, his stated practice was to advise the CBP paralegal or technician to prepare a separate draft letter with the correct prison address if notice was not already being sent to that address. (Schubert Decl. ¶ 3.)

Defendant Sherry Smith, a paralegal specialist with CBP, as well as defendant William Hever, a supervisory paralegal specialist with CBP, initialed a document entitled "Order to Destroy and Record of Destruction of Forfeited, Abandoned or Unclaimed Merchandise"

3

("Order and Record of Destruction"), dated November 1, 2004. (Decl. of Sherry Smith ¶ 2 ("Smith Decl."); Decl. of William Hever ¶ 2 ("Hever Decl."); Mulry Decl., Ex. F. (Order and Record of Destruction).) The stated practice of both Smith and Hever was to sign an order to destroy property only if the property had been forfeited with notice to any potential claimants. (Smith Decl. ¶ 2; Hever Decl. ¶ 2.) Despite this stated practice, however, the government has not explained why the Order and Record of Destruction was signed two weeks prior to the Final Administrative Action letter and a month before plaintiff's deadline for filing a claim. (Pl.'s Rule 56.1 Statement ¶ 16.)

After the order to destroy had been signed, defendants Patrick Armstrong, Dorothy Pappert, and Paul Scaglione participated in identifying the property listed under the heading "Quantity and Description of Merchandise," so that the property could be disposed of pursuant to the Order and Record of Destruction. (Decl. of Patrick Armstrong ¶ 2; Decl. of Dorothy Pappert ¶ 2; Decl. of Paul Scaglione ¶ 2; Murly Decl., Ex. F (Order and Record of Destruction).) On November 17, 2004, prior to the December 1, 2004 deadline for plaintiff to assert a claim, Scaglione and defendants Paul Guastella and Kevin O'Keefe witnessed the destruction of the property listed in the Order and Record of Destruction. (Decl. of Paul Scaglione ¶ 2; Decl. of Paul Guastella ¶ 2; Decl. of Kevin O'Keefe ¶ 2.)

C. Procedural History and March 25, 2008 Order

Plaintiff commenced this action on May 15, 2006. Initially, plaintiff sought the return of his property pursuant to Rule 41(g), Fed. R. Crim. Proc. (Dkt. No. 1.) In an Opinion and Order dated March 21, 2008, I denied plaintiff's motion for judgment on the pleadings, and granted in part and denied in part the government's motion to dismiss. (March 25, 2008 Order, Dkt. No.

54.) In that opinion, I noted that based on the record, the notice sent to plaintiff appeared to be inadequate and insufficient. (March 25, 2008 Order at 10.) I accepted the government's argument that plaintiff could not assert a claim under 18 U.S.C. § 983(e), which states that "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute" is a motion filed under the statute, 18 U.S.C. § 983(e)(5), because the administrative forfeiture was carried out pursuant to 19 U.S.C. §§ 1607-09, to which CAFRA does not apply. See March 25, 2008 Order at 14-15. Having reviewed plaintiff's potential claims under the circumstances, I construed plaintiff's claim as a claim under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). On May 19, 2008, the court directed service of process on the ten individual defendants whose names, signatures, or initials appeared on the Final Administrative Action letter or the Order and Record of Destruction. (May 19, 2008 Order, Dkt. No. 63.) The court permitted plaintiff to amend the complaint, and a second amended complaint was filed on January 26, 2009. (Dkt. No. 106.) Defendants now move for summary judgment pursuant to Fed. R. Civ. P. 56.

## DISCUSSION

A. The Government's Current Argument under CAFRA

As explained in the March 25, 2008 Order, when an administrative forfeiture is effected after August 23, 2000, without notice to the property owner, "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute" is a motion filed under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), codified at 18 U.S.C. § 983(e). See § 983(e); March 25, 2008 Order at 14. However, § 983(i) specifies that as used in this section, the term "civil forfeiture statute [ . . .] does not include [a] provision of law codified in title 19." 18

5

U.S.C. § 983(i); see also United States v. One Lucite Ball Containing Lunar Material, 252 F.Supp.2d 1367, 1377-78 n. 6 (S.D.Fla.2003) (explaining that CAFRA does not apply to forfeiture proceedings under Title 19). As stated above, in the March 25, 2008 Order, I accepted the government's argument that plaintiff could not assert a claim under 18 U.S.C. § 983(e), because the administrative forfeiture was carried out pursuant to 19 U.S.C. §§ 1607-09, to which CAFRA does not apply. See March 25, 2008 Order at 14-15.

The government now argues that, despite its earlier assertions, the seizure at issue was not conducted pursuant to 19 U.S.C. §§ 1607-09, as these summary provisions are procedural statutes and do not provide a substantive forfeiture authority. (Govt.'s Mem. at 9.) The government also argues that the seizure was not conducted pursuant to 19 U.S.C. 1595a, the provision under which such seizures are ordinarily done, rather the Final Administrative Action letter references 18 U.S.C. §545, to which the Title 19 carve-out does not apply. The government therefore asserts that CAFRA, 18 U.S.C. § 983(e), is applicable to the case at hand, and exists as plaintiff's exclusive remedy. (Govt.'s Mem. at 9.)

A reading of the statutes, however, does not make clear that the government's seizure of plaintiff's property was in fact conducted under 18 U.S.C. §545. Though the Final Administrative Action letter cites 18 U.S.C. §545, the language of section 545 solely authorizes the seizure of "merchandise" imported into the United States "contrary to law." 18 U.S.C. §545 ("Merchandise introduced into the United States in violation of this section . . . shall be forfeited to the United States."). The property at issue does not include any "merchandise" that was smuggled into the United States, it simply includes plaintiff's personal items that were seized when he was found with more than 30 kilograms of heroin. The authority to seize such personal property is found in 19 U.S.C. § 1595a, which authorizes the seizure of "every vessel, vehicle,

animal, aircraft, or *other thing* used . . . to facilitate . . . the importation . . . of any article which is being . . . introduced, into the United States contrary to law. . . ." 19 U.S.C. § 1595a (emphasis added). Under the circumstances, it appears as if the statutory authority for the seizure of plaintiff's property is found in Title 19, and thus subject to the exception listed in § 983(i).

In an abundance of caution, however, I request that the government clarify within ten (10) days of the date of this order why "further review of the documents concerning this matter" makes it "evident" that the Title 19 carve-out does not apply to plaintiff's potential claim under CAFRA, and that therefore a claim under CAFRA is plaintiff's exclusive remedy. (Govt.'s Mem. at 9.) If the government fails to respond, I will proceed to decide plaintiff's Bivens claims as presently briefed.

## CONCLUSION

Accordingly, the government is permitted ten (10) days from the date of this order to clarify under which statute plaintiff's personal property was seized, and whether the Title 19 exception to 18 U.S.C. § 983(e) applies to plaintiff's present claims.

SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: January 20, 2010
Brooklyn, New York

7

SERVICE LIST:

**Plaintiff (Pro Se):**

Tunde A. Adeyi
# 55329-053
Federal Correctional Institution Fort Dix (East)
P.O. Box 2000
Fort Dix, NJ 08640


**Defendants**

Kevin Patrick Mulry
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201